IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIC M. MUATHE,

        Plaintiff,

v.                            Case No. 14-2207-JTM

FIFTH THIRD BANK, *et al.*,

        Defendants.

### MEMORANDUM AND ORDER

"[A] short and plain statement of the claim showing that the pleader is entitled to relief" is about as clear as any federal rule can be. Yet somehow, repossessing a car has exploded into a fifty-page complaint involving twenty-two defendants, and thirteen formal claims incorporating forty-four alleged violations of the law. This matter comes before the court on four Motions to Dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 8(a) and 12(b)(6), each filed by a separate group of defendants. Plaintiff also has three pending Motions for Leave to File Surreplies to the Motions to Dismiss. The court finds that surreplies are unwarranted here, and the complaint does not satisfy the pleading requirements of Rule 8(a) and dismisses all counts per Rule 12(b)(6).

### I. Background

Consistent with the court's obligation to accept as true a plaintiff's alleged facts when determining the sufficiency of a pleading under Rule 12(b)(6), the following factual background is adopted from the complaint.

Plaintiff Eric M. Muathe purchased a new Mercedes-Benz on November 22, 2006, from defendant Fletcher Auto Group in Joplin, Missouri. Dkt. 1, at 4. Plaintiff asked to have the contract re-worked with different trade-in terms three days later. Dkt. 1, at 4. The final sale contract was back-dated to November 22, 2006. Dkt. 1, at 4. Defendant First Third Bank filed a Petition in Replevin against plaintiff in the District Court of Johnson County, Kansas on March 13, 2012, for a breach of the purchase installment contract. Dkt. 1, at 7. On plaintiff's motion, the replevin action was transferred to the District Court of Crawford County, Kansas. Dkt. 1, at 6. Plaintiff, acting pro se, filed this action in federal court on May 2, 2014. Dkt. 1.

The complaint enumerates thirteen formal counts against various combinations of the twenty-two defendants. Dkt. 1. It alleges various forms of concerted action, concealment, and conspiracies to defraud or otherwise injure plaintiff. Dkt. 1. The complaint also alleges, among other thing, false credit reporting and constitutional due process violations for wrongful service of process.[1] Dkt. 1. While it is unclear from the complaint exactly what conduct plaintiff alleges against every defendant, it is clear that all claims are connected to the underlying replevin action for the financed Mercedes on which plaintiff defaulted.

Plaintiff's fifty-page complaint alleges the following violations: Count I: RICO Violations, for mail and wire fraud; Count II: Wrongful Foreclosure; Count III: Violations of the Fair Debt Collection Practices Act; Count IV: Violations of the Fair

---

[1] The court identified forty-four alleged violations of law within the thirteen formal counts of the complaint and finds it unnecessary to enumerate each substantive claim. *See* Dkt. 1.

2

Credit Reporting Act; Count V: Violations of the Kansas Uniform Consumer Credit Code; Count VI: Common Law Fraud; Count VII: Violation of K.S.A. 61-3003(d)(1); Count VIII: Violations of the Kansas Consumer Protection Act; Count IX: Breach of Contract; Count X: Breach of Duty of Good Faith and Fair Dealing; Count XI: Money Had and Received; Count XII: Negligent Misrepresentation; and Count XIII: Quiet Title Pursuant to K.S.A. 60-1002. Dkt. 1.

Four sets of defendants filed separate motions to dismiss the complaint. Dkts. 12; 14; 16; 42. In sum, the Motions to Dismiss address all thirteen formal Counts and all other claims in the complaint. Plaintiff responded to the Motions to Dismiss and then attempted to file surreplies to the Motions without moving for leave to file the same. Dkts. 34; 35; 36. Those filings were struck under D. Kan. Rule 7.1. Dkt. 38. Plaintiff now has motions pending for leave to file surreplies. Dkts. 39; 40; 41.

## II. Analysis

All four motions to dismiss allege that the complaint fails to state a claim upon which relief can be granted because it fails the pleading standard of Federal Rule of Civil Procedure 8(a).

### A. Leave to File Surreply

As a preliminary matter, the court addresses and denies plaintiff's Motions for Leave to File Surreply. D. Kan. Rule 7.1(c) provides for responses and replies to motions, but does not provide for surreplies to be filed. Leave to file a surreply will be granted in the rare circumstance "where a movant improperly raises new arguments in

a reply." *King v. Knoll*, 399 F. Supp. 1169, 1174 (D. Kan. 2005) (internal quotation and citation omitted); *accord Green v. New Mexico*, 420 F.3d 1189, 1196-97 (10th Cir. 2005).

Here, movants have raised no new arguments or introduced new facts in their respective replies. Movants' replies directly address plaintiff's responsive arguments on existing legal theories and facts. Plaintiff's Motions for Leave to File Surreply are unwarranted and the court declines leave to file them.

### *B. Motion to Dismiss – Pleading Standards*

Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation within the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "The complaint must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Detailed factual allegations are not required, but the complaint must state "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The allegations must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "While the 12(b)(6) standard does not require that [a] [p]laintiff establish a prima facie case in [his] complaint, the elements of each alleged cause of action help to determine whether [the] [p]laintiff has set forth a plausible claim." *Khalik v. United Air Lines,* 671 F.3d 1188, 1192 (10th Cir.

4

2012). Where a complaint fails to sufficiently plead a plausible claim to relief, the complaint may be dismissed. Fed. R. Civ. P. 12(b)(6).

While pro se filings are to be construed liberally, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). "Pro se parties must follow the same rules of procedure that govern other litigants." *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009).

Plaintiff's complaint states thirteen formal counts against twenty-two defendants. A liberal reading of the complaint yields forty-four alleged violations of statutes and common law doctrines. Plaintiff's disjunct and rambling complaint spans fifty pages and two hundred and thirty-nine paragraphs directing his claims at various combinations of the twenty-two defendants. Much of plaintiff's shotgun approach states only conclusions. Where it does allege facts, it fails to connect them to valid legal claims. The complaint frequently states that certain defendants have violated certain statutes without pleading any associated factual allegation of conduct.[2] Throughout the complaint, plaintiff consistently fails to either adequately allege conduct or to match alleged conduct with a cognizable cause of action.

For example, Count VI, one of the most coherent claims, alleges common law fraud. The court liberally construes this count as fraudulent misrepresentation, the elements of which are: (1) an untrue statement of past or present fact by the defendant;

---

[2] For example, plaintiff alleges "Defendants Pendelton and Sutton LLC, Regional Adjustment Bureau, Law Office of Mark A.Werner, Thompson Coburn LLP, Brandy L. Sutton, Lauren Mann, Anne Barker Hall, Mark A. Werner, and David M. Manigan violated FDCPA Section 807(8). This typically carries a fine of $1,000." Dkt. 1, at 30. No further factual reference to § 807(8) is found related to this claim.

(2) known to be untrue by the defendant; (3) made with intent to deceive or reckless disregard for the truth of the statement; (4) on which plaintiff justifiably relies and acts to his detriment. *Alires v. McGehee*, 85 P.3d 1191, 1195 (Kan. 2004).  However, plaintiff fails to allege facts related to what statement was made, whether plaintiff relied thereon, and what act plaintiff undertook. Rather than allege facts that would constitute a false representation of fact, plaintiff merely concludes that defendants are liable for fraud because they "made false and misleading representations of material facts." Dkt. 1, at 38. This example is insufficiently pled because it does not present enough factual allegation to show that defendants plausibly committed fraud against plaintiff. Elsewhere, the complaint is frequently incoherent and conclusory.

The content of the complaint fails to advance plaintiff's claims beyond speculation. In short, plaintiff has not "nudged his claims . . . across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680. The complaint contains neither short nor plain statements related to plaintiff's claims, and it does not allege facts that, if true would entitle him to the relief sought. The court will not work to overcome plaintiff's pleading defects by providing proper legal theories or factual allegations to justify the complaint. The complaint does not satisfy the pleading standards of Rule 8.

It is THEREFORE ORDERED this 21st day of October, 2014, that plaintiff's Motions for Leave to file Surreply (Dkts. 39; 40; 41) are DENIED and his complaint (Dkt. 1) is DISMISSED.

s/ J. Thomas Marten<br>J. THOMAS MARTEN,<br>CHIEF JUDGE