IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Eric M. Muathe,

Plaintiff,

v.                                                    Case No.14-2207 -JTM

Fifth Third Bank, et al.,

Defendants.

**MEMORANDUM AND ORDER**

Before the court is pro se plaintiff Eric M. Muathe's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (Dkt. 49). This action stems from events arising out of the repossession of plaintiff's Mercedes-Benz automobile. The court dismissed the complaint upon motions of defendants. Plaintiff now asks the court to reconsider its dismissal order, reinstate his case, and allow him to amend his complaint. As discussed below, the motion is granted in part.

**I. Background**

Plaintiff originally filed a fifty-page complaint involving twenty-two defendants and thirteen formal claims incorporating forty-four alleged violations of the law. Defendants moved to dismiss through four separate motions. (Dkts. 12, 14, 16, 42). Plaintiff included in his response to each motion a single sentence stating: "[p]laintiff requests the court for an opportunity to amend where it deems Plaintiff's Complaint fall [sic] short." (Dkt. 20, at 35; *see also* Dkts. 21, 22). The court granted defendants' motions,

dismissing the complaint for failure to meet the pleading standards of FED. R. CIV. P. 8. (Dkt. 47). Plaintiff now moves the court to alter or amend the judgment, arguing that the court committed clear error resulting in manifest injustice.

## II. Legal Standard

A court may reconsider a judgment by altering or amending it upon motion of a party within twenty-eight days of the entry of the judgment. FED. R. CIV. P. 59(e). "The purpose of a Rule 59(e) motion is to correct manifest errors of law or to present newly discovered evidence." *Monge v. RG Petro-Mach. (Group) Co. Ltd.*, 701 F.3d 598, 611 (10th Cir. 2012) (brackets and internal quotation and citation omitted). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*; *accord United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). Reconsideration on grounds of manifest injustice requires a demonstration of injustice that is "apparent to the point of being indisputable." *Layne Christensen, Co. v. Bro-Tech Corp.*, 2011 WL 6934112, at *2 (D. Kan. Dec. 30, 2011) (quotation and citation omitted). However, "[a] motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Christy*, 739 F.3d at 539 (quoting *Servants of Paraclete,* 204 F.3d at 1012).

## III. Analysis

### A. Leave to Amend Complaint

The main thrust of plaintiff's manifest injustice argument is that the court failed to grant him leave to amend his complaint. As discussed below, this argument fails to provide grounds for reconsideration.

The Federal Rules of Civil Procedure plainly state the parameters for amending a pleading:

> A party may amend its pleading once as a matter of course within: (A) 21 days of serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). After 21 days, a party may amend the pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts should freely grant leave when justice so requires. *Id.*

Pro se filings are to be liberally construed, but such litigants "must follow the same rules of procedure that govern other litigants." *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009). Request for leave to amend a complaint "must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment." *Id.* at 868 (denying pro se request for leave to amend where litigant failed to attach proposed amendment and did not explain how a proposed amendment would cure the deficiencies).

Here, plaintiff included a one-sentence request at the end of each response to defendants' motions to dismiss. Not only did the request fail to explain why an

amendment would cure deficiencies in the pleadings – it failed to identify any deficiency. Plaintiff neither filed a separate motion for leave to amend, nor provided a proposed amended complaint. Even liberally construed, the request fails to provide adequate notice for an amendment. The court did not err by refusing the request to amend.

Plaintiff now requests to have his case reinstated and that he be granted leave to amend the complaint. Leave to amend after a judgment is entered is proper only when the judgment is set aside or vacated pursuant to FED. R. CIV. P. 59(e). *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985). Here, the judgment is neither set aside nor vacated. Therefore, amendment at this time is improper.

### B. The Court Failed to Specify Dismissal Without Prejudice

Plaintiff also argues that the court erred by "overlooking the sufficiency of Plaintiff's complaint, reaching the legal merits of the case, and analyzing the sufficiency of Plaintiff's case at the motion to dismiss stage." (Dkt. 49, at 5). He argues that the court did not consider all the facts because it did not directly address each fact or count. Plaintiff does not argue why the alleged shortcomings of the court's order create injustice or that the court misapprehended the facts. The court considered all facts and counts in what it referred to as plaintiff's "shotgun approach" to a complaint. (Dkt. 47, at 5-6). Nor did the court reach the merits of plaintiff's case. None of the above arguments indisputably demonstrate injustice resulting from the judgment.

However, the argument that the court reached the merits of the case brings to light the fact that it did not specify in the order or judgment that dismissal was without

prejudice. A district court should make clear in its order whether a dismissal is with or without prejudice. *See Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). Dismissal of a pro se complaint pursuant to FED. R. CIV. P. 12(b)(6) should ordinarily be without prejudice. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). Here, the court failed to make clear in its order that dismissal was without prejudice. Therefore, the judgment should be amended to reflect that the court's order (Dkt. 47) dismissed the complaint without prejudice.

IT IS ACCORDINGLY ORDERED this 20th day of January, 2015, that plaintiff's Motion (Dkt. 49) is GRANTED to the extent that the judgment (Dkt. 48) is to be amended to clarify dismissal without prejudice.


s\ <u>J. Thomas Marten</u>
J. THOMAS MARTEN, JUDGE